## DUBISKE v. UNITED STATES.
### No. 6598.

Circuit Court of Appeals, Seventh Circuit.
June 7, 1938.

Rehearing Denied Aug. 4, 1938.

James E. Mathews, John H. Orgill, and Lloyd F. Loux, all of Cleveland, Ohio, and Daniel L. Donovan, of Chicago, Ill., for appellant.

James W. Morris, Asst. Atty. Gen., Sewall Key, Norman D. Keller, and Paul R. Russell, Sp. Assts. to Atty. Gen., and Michael L. Igoe, U. S. Atty., and David L. Bazelon, Asst. U. S. Atty., both of Chicago, Ill., for the United States.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

This is an appeal from a judgment of the District Court of the United States for the Northern District of Illinois, Eastern Division, rendered in an action at law which was prosecuted by the plaintiff, a taxpayer, to recover alleged overpayment

---

of income taxes for the year 1919. The answer of the defendant, The United States, consisted of (1) a general denial; (2) statute of limitations; and (3) failure to file claim for refund. There was a finding and judgment for the defendant.

■ The taxpayer's claim for refund was barred by the expiration of the statutory period for allowance of refunds, unless, as claimed by the taxpayer, a waiver of the taxpayer's right in respect to the taxes due for the taxable year 1919 was filed on or before June 15, 1925; or unless a "hearing" on May 7, 1925, constituted a waiver. And it is clear that the "hearing" which was an informal conference, cannot be substituted by a court for the "waiver" which is required by the Act of Congress.[1] The trial court found as a fact that no waiver of the rights of the taxpayer in respect to the taxes of 1919 was filed. Many questions are urged for our consideration, but if there is substantial evidence to support the finding of no waiver, it is not necessary to consider other contentions of the plaintiff.

■ The provision of the Revenue Act of 1926 with which it was necessary that the taxpayer comply is as follows:[2] " * * * If the taxpayer has, on or before June 15, 1925, filed such a waiver in respect of the taxes due for the taxable year 1919, then such credit or refund relating to the taxes for the taxable year 1919 shall be allowed or made if claim therefor is filed either on or before April 1, 1926, or within four years from the time the tax was paid." And for the taxpayer to take advantage of the foregoing provision it was necessary not only that a proper waiver be filed on or before June 15, 1925, but also that a claim for refund for taxes be filed on or before April 1, 1926.

Plaintiff introduced testimony for the purpose of establishing that a written waiver was filed in the office of the Collector of Internal Revenue in Chicago in November, 1924. One witness testified that at the request of the attorney for the taxpayer he took a paper to the office of the Collector of Internal Revenue in the fall of 1924; and that he delivered this paper to an individual behind the counter in the office of the Collector. The witness testified that he observed enough of the contents of the paper to see that it was a waiver of the time limit for making an assessment on personal income and that he recognized the signature of the taxpayer; that he did not see anything in the document to indicate whether it was a waiver with respect to the year 1919; and that he did not recall anything with respect to the period of time for which the purported waiver was to run.

The taxpayer testified that he had executed a waiver for the year 1919 and delivered it to his attorney. The taxpayer's recollection was that the transaction occurred in November, 1924; and that the waiver was on a form which was obtained for him by a public accountant. The taxpayer further testified that his recollection was that the signing of the waiver extended the period to December 31, 1925.

The testimony of witnesses for the government disclosed that a thorough search had been made and that the waiver could not be found either in the office of the Collector of Internal Revenue in Chicago or in the files of the Bureau of Internal Revenue at Washington. There was no entry nor any notation to show that such waiver had been filed; and the testimony indicates that no one connected with the government ever saw or received the waiver. A revenue agent's report dated August 4, 1925, contained the notation "Waiver: None."

A stenographic report of the conversation at a conference between the taxpayer's attorney and a revenue agent on May 7, 1925, was introduced in evidence. The plaintiff urges that the conversation itself constituted a waiver or at least it was corroborative of a waiver. The part of the conversation relating to the subject of waiver is as follows:

---

[1] Revenue Act of 1924, c. 234, 43 Stat. 253, 299:

Sec. 278(c) "Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon."

Revenue Act of 1926, c. 27, 44 Stat. 9, 56, 26 U.S.C.A. § 272(d):

Sec. 274(d) "The taxpayer shall at any time have the right, by a signed notice in writing filed with the Commissioner, to waive the restrictions provided in subsection (a) of this section on the assessment and collection of the whole or any part of the deficiency."

[2] Section 284(g) of the Revenue Act of 1926, 44 Stat. 67.

"Q. As long as you are making a step toward getting this information, there is no disposition on my part to act hastily. Of course, we are this side of the statute of limitations for 1919, but—

"A. I think waivers were filed.

"Q. Was that for the corporation?

"A. I think it was for all of them. When the question comes up with me on these waivers, my advice has always been to file the waiver at once, unless they want a corps of field men in the business. I think you will find you have them. * * *"

The foregoing conversation was between the supervising agent of the Department of Internal Revenue and the taxpayer's attorney. The conversation occurred after considerable discussion of transactions of H. W. Dubiske and Co. as well as of Mr. Dubiske, the taxpayer, and related to the years 1919 to 1922 inclusive. It is clear that the attorney did not have in mind the filing of any particular waiver for any particular year, and it is a fair inference that his statement, "I think waivers were filed," was made in reliance on what he states to have been his general rule to advise the filing of waivers "at once, unless they want a corps of field men in the business." It is a matter of conjecture as to what the supervising agent was thinking when he remarked, "Of course, we are this side of the statute of limitations for 1919, but—," since we cannot know which "side of the statute of limitations for 1919" the supervising agent understood to be the *other side*. Perhaps he thought that it was too late to file waivers for the taxable year of 1919, or perhaps he understood that the statutory period had not expired and was thinking that there was yet time to file the waiver if the taxpayer desired to do so.

A letter from the Commissioner of Internal Revenue, under date of March 28, 1927, stated that the entire tax for 1919, as shown on the taxpayer's return, had been paid during 1920, and consequently, that no portion could be credited or refunded under the provisions of the statute since no waiver had been filed. The taxpayer filed a protest under date of April 15, 1927. The protest was executed under oath and purported to explain his failure to file a waiver. The following is quoted from the protest: "I respectfully contend that since no waiver was furnished me by the Government nor were any instructions or in-formation ever given me that such a waiver had to be filed prior to April 1st, 1926, and as I filed a claim on form 843 during the latter part of October, 1925 within the statutory period, I have established my right by such claim to the refund due me on overassessment and overpayment during 1919." A letter from the Commissioner under date of April 19, 1928, contained a reiteration of the statement in the letter of March 28, 1927, that no part of the payment of the taxpayer's tax for the year 1919 could be credited or refunded since no waiver had been filed.

Plaintiff contends that the District Court could not, as a matter of law, find that the waiver had not been filed in 1924 "where a mass of testimony adduced through unimpeached and creditable witnesses showed the actual filing of a physical (written) waiver for the year 1919." But the weight which the trial court was required to give to the testimony of the unimpeached and creditable witnesses of the plaintiff had to be determined by the trial court in the light of the defendant's evidence which tended to show that no such waiver had been filed.

The witness who testified that he had filed the waiver, as the District Court pointed out in its memorandum, was testifying about a transaction occurring eleven years prior to the time of the trial. The witness frankly testified that he did not read enough of the contents of the paper to discover to what year's taxes the waiver applied nor the period covered by the waiver. The witness also testified that his recollection was that the waiver was on a blue form, while evidence submitted by the defendant disclosed that the first blue waiver form was ordered from the Government Printing Office by the Treasury Department February 6, 1925. It was also established that all waiver forms in use prior to the blue form provided either unlimited extensions or for extensions of one year. The blue form contains the provision for extending the statutory period of limitation to December 31, 1925, and the taxpayer testified on cross examination that his waiver contained this provision. On direct examination the taxpayer had testified that the waiver was for one year which would have made the expiration date sometime in October or November of 1925, if the waiver was filed in October or November of 1924, as testified to by plaintiff's witnesses.

An examination of the evidence which was before the trial court clearly discloses

**364**

that the trial court was not bound as a matter of law, to find that a waiver was filed in 1924. The evidence of plaintiff's witnesses·standing alone obviously was persuasive that a waiver was filed in the office of the Collector of Internal Revenue at Chicago. But it would be difficult to see how the trial court could find as a fact that it was so filed in view of the evidence, much of which was documentary, presented by the defendant. Consequently, we hold that the trial court did not err in finding that a waiver was not filed.

The plaintiff urges that the District Court has not complied with requirements of law with respect to filing a written opinion setting forth special finding of facts and conclusions of law. We find in the record a memorandum opinion of April 13, 1936, and a supplemental opinion of January 4, 1937. These opinions constitute part of the record and supplement the formal finding of facts and conclusions of law. Thereafter, the court duly entered formal finding of facts and conclusions of law in favor of the government and entered judgment thereon. The finding of fact that no written waiver was filed necessarily drew with it the conclusion of law in favor of the United States.

The facts which were found fully supported the trial court's conclusions and it was not necessary for the trial court to make specific findings on disputed questions of fact which were rendered immaterial by the finding of facts which were made.

We find no reversible error and the judgment of the trial court is

Affirmed.